## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES A. JORDAN,     )
             )
      Plaintiff,   )
             )
vs.            )  Case No. 09-1076-EFM-DWB
             )
WYOMING WORKMAN   )
COMPENSATION,     )
             )
      Defendants.  )
_____)

## REPORT AND RECOMMENDATION OF DENIAL OF IFP STATUS,
## ORDER ON MOTION TO APPOINT COUNSEL, AND
## REPORT AND RECOMMENDATION OF DISMISSAL

Plaintiff James A. Jordan filed an Application for Leave to File Action

Without Payment of Fees, Costs, or Security (IFP Application) with attached

affidavit of financial status.  (Doc. 2, sealed.[1])  Plaintiff also filed an Application

for Appointment of Counsel in an Action Under Title VII.  (Doc. 3.)  Having

reviewed Plaintiff's submissions, as well as Plaintiff's Complaint, the Court is

prepared to rule.

---

[1] Attached to this document is an additional Affidavit of Financial Status (Doc. 2-2, sealed).  This second financial affidavit contains very little substantive information and is, for the most part, consistent with the information contained in Doc. 2.

I.    *In Forma Pauperis* **Status.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*  There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See Yellen v. Cooper*, 82 F.2d 1471 (10th Cir. 1987).

In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his affidavit, Plaintiff, who is 69 years old, states he is divorced and has no dependents.  He is not currently employed and does not provide information regarding his previous employment as required by the form.  (Doc. 2, sealed, at 3.) He does, however, list a monthly Social Security payment.

Plaintiff owns one vehicle and one tractor trailer out right.  He also lists a

sizeable amount of cash on hand.  He does not own real property and lists a modest

monthly rental payment.  The only other expense listed is $300 to $400.00 per

month for groceries.  *Cf.*  Doc. 2 at 6 ($400) *with* Doc. 2-2 at 6 ($300).

Based on the information contained in Plaintiff's financial affidavits, his

monthly income appears to exceed his listed monthly expenses by only $150.00 -

$250.00 per month.  However, given the significant amount of cash on hand listed

by Plaintiff, however, the Court finds that he is capable of paying the requisite

filing fee.  Under these circumstances, the undersigned Magistrate Judge

recommends that Plaintiff's motion for *IFP* status be **DENIED**.[2]

## II.    Request for Counsel and Recommendation of Dismissal.

Plaintiff also has filed an Application for the Appointment of Counsel.

(Doc. 3.)  The Tenth Circuit has identified four factors to be considered when a

court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability

to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of

plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)

---

[2]  A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal.  ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

(listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

Although the Court has recommended that Plaintiff's application to proceed *in forma pauperis* be denied, it does not appear that Plaintiff has sufficient monthly income to enable him to afford counsel.  In addition, the Court finds Plaintiff has engaged in a reasonable search for counsel.  (Doc. 3, at 1.)  None of the attorneys approached by Plaintiff, however, would take the case.  This indicates to the Court that Plaintiff's case may be without merit.  Thus, the analysis turns to the third ***Castner*** factor, the merits of Plaintiff's case.

When a plaintiff appears *pro se*, a court construes his pleadings liberally and judges them against a less stringent standard than pleadings drawn by attorneys. ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  This does not mean, however, that a court is to become an advocate for the *pro se* plaintiff.  *Id*.; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).

4

A broad reading of Plaintiff's Complaint does not relieve his burden to allege sufficient facts to provide the opposing party with fair notice of the basis of the claim or to allow the Court to conclude that the allegations, if proved, show Plaintiff is entitled to relief.  *Hall*, 935 F.2d at 1110; *see also **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473 (10th Cir. 1989).  Liberally construing a *pro se* plaintiff's Complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

In this case, Plaintiff completed the Civil Complaint form provided by the Clerk of the Court , indicating that he was bringing the action for monetary damages as well as an Order requiring Defendant to pay medical benefits in accordance with the September 10, 2008, Order of the State of Wyoming Office of Administrative Hearings.  (Doc. 1, at 6-21.)  A liberal review of Plaintiff's Complaint reveals a pleading that should provide Defendant with sufficient factual detail to respond.  The factual allegations in Plaintiff's Complaint are sparse, but – taken with the Administrative Order – sufficiently state the nature and basis of his

claims against Defendant.  Unfortunately for Plaintiff, however, his filings do not state a claim upon which relief may be granted.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Amendment's bar on lawsuits against a State has been recently analyzed by this District.

> As construed by the Supreme Court, the Eleventh Amendment precludes nonconsenting States from being 'sued by private individuals in federal court.' ***Bd. of Trustees of Univ. of Ala. v. Garrett***, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Eleventh Amendment and the rule of state sovereign immunity protect not only the States but the 'state agents and state instrumentalities.' ***Regents of Univ. of Cal. v. Doe***, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). This rule of state sovereign immunity, however, is not absolute.  'It may be overcome in three instances: (1) the state consents to suit; (2) Congress expressly abrogates the states' immunity; or (3) the citizen sues a state official pursuant to ***Ex Parte Young***, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).' ***Opala v. Watt***, 454 F.3d 1154, 1157 (10th Cir.2006) (citations omitted).

***Credit Union Group Enterp. LLC v. Kansas Dept. of Credit Unions***, 457 F.Supp.2d 1235, 1241 (D.Kan. 2006).  Neither of the first two exceptions are

relevant as Wyoming Workman Compensation has not consented to suit in federal court and the United States Congress has not abrogated Wyoming's immunity to suit involving its workman's comp system.  The Court will, however, discuss the final exception to immunity – the ***Ex Parte Young*** doctrine.

"In ***Ex Parte Young*** the Court held that the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself."  ***Hill v. Kemp***, 478 F.3d 1236, 1255-56 (10th Cir.2007).  *See also* ***Will v. Michigan Dept. of State Police***, 481 U.S. 58, 71 n.10, 109 S.Ct. 2304, 2321 n.10, 105 L.Ed.2d 45 (1989).  In other words, suing an official office or agency "is no different from a suit against the State itself," and is prohibited by the Eleventh Amendment.  ***Id***., 481 U.S. at 71, 109 S.Ct. at 2321.

Plaintiff has sued "Wyoming Workman Compensation," which is clearly an official agency of the State of Wyoming.  Further, although Plaintiff's lawsuit may be construed to seek injunctive relief in the sense that he seeks enforcement of a prior worker's compensation order (Doc. 1, at 4, 6-21), the real relief sought is the payment of money for medical expenses etc., previously ordered by the State of Wyoming Office of Administrative Hearings.  Moreover, regardless of how this

relief is characterized, *i.e.,* as injunctive relief or as monetary damages, Plaintiff also specifically seeks monetary damages, including punitive damages, of "12 million dollar[s]." (*Id*., at 4.) Because Plaintiff's damage claims are barred by the Eleventh Amendment, his Complaint fails to state a claim on which relief may be granted.[3] His Application for Appointment of Counsel (Doc. 3) is, therefore, **DENIED**. Further, the Court must **recommend** that Plaintiff's case be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 2) be **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Appointment of Counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED** as failing to state a claim on which relief can be granted pursuant to 28 U.S.C. §1915(e).

**IT IS FURTHER ORDERED** that the clerk need not serve the Complaint

---

[3] Plaintiff can seek such relief in the Wyoming courts as may be allowed under Wyoming law.

upon Defendants.  *See **Henriksen v. Bentley***, 644 F.2d 852 (10th Cir. 1981).

A copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 10th day of July, 2009.


   s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge